UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

IRMA T. FUENTES
and other similarly situated individuals,

    Plaintiff(s),

v.

CARLOS ROSARIO CLEANING
SERV., CORP.
d/b/a ROSARIO CLEANING SERVICES 1,
and CARLOS ROSARIO, individually

    Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff IRMA T. FUENTES, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants CARLOS ROSARIO CLEANING SERV., CORP., d/b/a CARLOS ROSARIO CLEANING SERVICE 1, and CARLOS ROSARIO, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid half-time overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff IRMA T. FUENTES is a resident of Miami-Dade County within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act. Plaintiff is a covered employee for purposes of the Act. Plaintiff's complete name is Maria Gabriela Larraga.

3. Corporate Defendant CARLOS ROSARIO CLEANING SERV., CORP., d/b/a CARLOS ROSARIO CLEANING SERVICE 1, (hereinafter CARLOS ROSARIO CLEANING, or Defendant) is a Florida corporation having a place of business in Dade County, Florida. At all times, Defendant was engaged in interstate commerce.

4. The individual Defendant CARLOS ROSARIO is the owner/partner and manager of Defendant Corporation CARLOS ROSARIO CLEANING. This individual Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff IRMA T. FUENTES as a collective action to recover from Defendants unpaid overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after September 2021, (the "material time"), without being adequately compensated.

7. Corporate Defendant is a janitorial company providing cleaning services to commercial accounts.

8. Defendants CARLOS ROSARIO CLEANING, and A CARLOS ROSARIO employed Plaintiff IRMA T. FUENTES as a non-exempted, full-time janitor, from approximately September 09, 2021, to June 18, 2022, or 40 weeks.

9. Plaintiff has duties as a regular janitor employee, cleaning portable toilets installed in different places. Plaintiff's wage rate was $15.00 an hour. Plaintiff's overtime should be $22.50 an hour.

10. Plaintiff worked under the supervision of the owner of the business CARLOS ROSARIO and supervisor Carel Rosario. Defendants provided Plaintiff with equipment and materials to perform her work.

11. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid overtime hours as required by law.

12. Plaintiff had a regular mandatory schedule, and she worked seven days, From Mondays to Sundays. Plaintiff worked from Mondays to Thursdays a morning shift from 6:30 AM to 11:30 AM (5 hours) and from 4:30 PM to 7:00 PM (2.5 hours), or 7.5 hours daily. (7.5 hours x 4 days=30 hours.). On Fridays, Saturdays, and Sundays, Plaintiff worked from 6:30 AM, to 7:00 PM (12.5 hours daily). (12.5 x 3 days=37.50 hours).

13. Plaintiff completed a minimum of 67.5 working hours weekly. Plaintiff was unable to take bonafide lunch periods. Sometimes, Plaintiff worked more than 67.5 hours weekly.

14. Plaintiff was paid an average of $1,012.50 weekly. She was paid for all her working hours, but she was not paid for overtime hours.

15. Plaintiff did not clock in and out, but she signed timesheets, and she also was controlled by Defendants' telephone calls. Defendants could track the hours worked by Plaintiff and

other similarly situated individuals. Plaintiff worked under the supervision of the owner of the business CARLOS ROSARIO and supervisor Carel Rosario.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half her regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

17. Plaintiff was paid bi-weekly with checks without pay stubs detailing the number of days and hours worked, wage rate, employee taxes withheld, etc.

18. Plaintiff disagreed with late payments and the lack of payment for overtime hours. Plaintiff complained a few times to owner CARLOS ROSARIO.

19. On or about Wednesday, June 15, 2022, Plaintiff complained to the owner of the business CARLOS ROSARIO about her late regular wages and about the lack of payment for overtime hours. CARLOS ROSARIO stated: "We do not pay overtime here. You can leave whenever you want."

20. On or about Saturday, June 18, 2022, Plaintiff showed up for work, but she found another employee doing her work. The owner of the business called Plaintiff and told her that she was fired because she was complaining about unpaid overtime hours.

21. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of unpaid wages based on her recollections. Plaintiff will amend her Complaint when Defendants produce time and payment records.

22. Plaintiff IRMA T. FUENTES intends to recover half-time overtime pay for hours accumulated during her time of employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to their unlawful payroll practices and procedures and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

24. Plaintiff IRMA T. FUENTES re-adopts every factual allegation as stated in paragraphs 1-23 above as set out in full herein.

25. This cause of action is brought by Plaintiff IRMA T. FUENTES as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked over forty (40) hours during one or more weeks on or after September 2022, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant CARLOS ROSARIO CLEANING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides janitorial services to commercial clients. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information

and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

28. Defendants CARLOS ROSARIO CLEANING and A CARLOS ROSARIO employed Plaintiff IRMA T. FUENTES as a non-exempted, full-time janitor, from approximately September 09, 2021, to June 18, 2022, or 40 weeks.

29. Plaintiff has duties as a regular janitor employee, cleaning portable toilets installed in different places. Plaintiff's wage rate was $15.00 an hour. Plaintiff's overtime should be $22.50 an hour.

30. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid overtime hours as required by law.

31. Plaintiff had a regular mandatory schedule, and she worked seven days, From Mondays to Sundays, a minimum of 67.5 working hours weekly. Plaintiff was unable to take bonafide lunch periods. Sometimes, Plaintiff worked more than 67.5 hours weekly.

32. Plaintiff was paid an average of $1,012.50 weekly. She was paid for all her working hours, but she was not paid for overtime hours.

33. Plaintiff did not clock in and out, but she signed timesheets, and she also was controlled by Defendants' telephone calls. Defendants could track the hours worked by Plaintiff and

other similarly situated individuals. Plaintiff worked under the supervision of the owner of the business CARLOS ROSARIO and supervisor Carel Rosario.

34. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

35. Plaintiff was paid bi-weekly with checks without pay stubs detailing the number of days and hours worked, wage rate, employee taxes withheld, etc.

36. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

37. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

39. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on preliminary calculations, and these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Eight Thousand Two Hundred Fifty Dollars and 00/100 ($8,250.00)

   b. <u>Calculation of such wages</u>:

      Total weeks of employment:  40 weeks
      Total relevant weeks of employment: 40 weeks
      Total number of hours worked: 67.5 weekly average
      Total O/T hours: 27.5 hours weekly
      Wage rate: $15.00 x 1.5=$22.50 O/T rate
      O/T rate $22.50-$15.00 O/T rate paid=$7.50 half-time difference
      Half-time: $7.50 an O/T hour

      $7.50 x 27.5 O/T hours=$206.25 weekly x 40 weeks=$8,250.00

   c. <u>Nature of wages:</u>

   This amount represents unpaid half-time overtime

40. At all times, material hereto, the Employers/Defendants CARLOS ROSARIO CLEANING and CARLOS ROSARIO failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly situated performed services and worked over the maximum hours provided by the Act. Still, no provision was made by Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

41. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act. Accordingly, Plaintiff and those similarly situated are entitled to recover double damages.

42. At times mentioned, individual Defendant CARLOS ROSARIO was the owner/partner and manager of CARLOS ROSARIO CLEANING. The individual Defendant CARLOS ROSARIO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in CARLOS ROSARIO CLEANING's interests, concerning its employees, including Plaintiff and others similarly situated. Defendants CARLOS ROSARIO had financial and operational control of the business, and he

determined the terms and working conditions of Plaintiff and other similarly situated employees. Defendant CARLOS ROSARIO is jointly and severally liable for Plaintiff's damages.

43. Defendants CARLOS ROSARIO CLEANING and CARLOS ROSARIO willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff IRMA T. FUENTES and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff IRMA T. FUENTES and other similarly situated and against the Defendants CARLOS ROSARIO CLEANING and CARLOS ROSARIO, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff IRMA T. FUENTES and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

45. Plaintiff IRMA T. FUENTES re-adopts every factual allegation stated in paragraphs 1-23 of this Complaint as if set out in full herein.

46. Defendant CARLOS ROSARIO CLEANING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides janitorial services to commercial clients. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

47. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

48. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

49. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

50. Defendants CARLOS ROSARIO CLEANING, and CARLOS ROSARIO employed Plaintiff IRMA T. FUENTES as a non-exempted, full-time janitor, from approximately September 09, 2021, to June 18, 2022, or 40 weeks.

51. Plaintiff wage rate was $15.00 an hour. Plaintiff's overtime should be $22.50 an hour.

52. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid overtime hours as required by law.

53. Plaintiff had a regular mandatory schedule, and she worked seven days, From Mondays to Sundays, a minimum of 67.5 working hours weekly. Plaintiff was unable to take bonafide lunch periods. Sometimes, Plaintiff worked more than 67.5 hours weekly.

54. Plaintiff was paid an average of $1,012.50 weekly. She was paid for all her working hours, but she was not paid for overtime hours.

55. Plaintiff did not clock in and out, but she signed timesheets, and she also was controlled by Defendants' telephone calls. Defendants could track the hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of the owner of the business CARLOS ROSARIO and supervisor Carel Rosario.

56. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

57. Plaintiff was paid bi-weekly with checks without pay stubs detailing the number of days and hours worked, wage rate, employee taxes withheld, etc.

58. Plaintiff disagreed with late payments and the lack of payment for overtime hours, and she complained a few times to the owner of the business, CARLOS ROSARIO.

59. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

60. On or about Wednesday, June 15, 2022, Plaintiff complained to the owner of the business CARLOS ROSARIO about her late regular wages and the lack of payment for overtime hours. CARLOS ROSARIO stated: "We do not pay overtime here. You can leave whenever you want."

61. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

62. However, on or about Saturday, June 18, 2022, when Plaintiff showed up for work, she found another employee doing her work, Plaintiff was trying to find out an explanation, when the owner of the business called Plaintiff and told her that she was fired because she was complaining about unpaid overtime hours.

63. At all times during his employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

64. The termination of Plaintiff IRMA T. FUENTES by the Defendant was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because of her complaints about overtime payment, in violation of Federal Law.

65. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

66. Defendants CARLOS ROSARIO CLEANING and CARLOS ROSARIO willfully and maliciously retaliated against Plaintiff IRMA T. FUENTES by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose of dissuading her from exercising her rights under 29 U.S.C. 215(a)(3).

67. The motivating factor which caused Plaintiff IRMA T. FUENTES to be fired from the business, as described above, was her complaints seeking regular and overtime wages from the Defendants. In other words, Plaintiff would not have been fired but for her complaints regarding regular and overtime wages.

68. The Defendants' adverse actions against Plaintiff IRMA T. FUENTES were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

69. Plaintiff IRMA T. FUENTES has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff IRMA T. FUENTES respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff IRMA T. FUENTES by Defendants CARLOS ROSARIO CLEANING and CARLOS ROSARIO was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants CARLOS ROSARIO CLEANING and CARLOS ROSARIO, awarding Plaintiff IRMA T. FUENTES liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

JURY DEMAND

Plaintiff IRMA T. FUENTES demands a trial by jury of all issues triable as of right by jury.

DATED: July 31, 2022,

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*